IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  10-cv-02366-LTB-MJW

RICHARD BAUMEISTER,

        Plaintiff,
v.

HOME DEPOT U.S.A., INC., and
TERRACARE ASSOCIATES, LLC,

        Defendants.
_____

ORDER
_____

This matter is before me on a Motion for Remand [**Doc # 6**] filed by Plaintiff, Richard Baumeister, in which he seeks remand of this matter back to state court following removal by Defendant Home Depot USA Inc. ("Home Depot").  In addition, I address the related Motion to Strike Plaintiff's Amended Complaint [**Doc # 10**] filed by Home Depot.  Oral arguments will not materially aid in the resolution of these motions.  After consideration of the law and the parties' arguments, I DENY Home Depot's motion to strike and I GRANT Plaintiff's request to remand.

I.  BACKGROUND

Plaintiff filed his initial complaint in the District Court for the City and County of Denver (Case No. 2010-cv-6977) on September 1, 2010, seeking damages from Defendant Home Depot for injuries he received after slipping and falling on ice in a Home Depot parking lot located in Aurora, Colorado.  His complaint asserted a single claim for relief based on premises liability. *See* Colo. Rev. Stat 13-21-115.

Thereafter, on September 27, 2010, Home Depot filed its Notice of Removal with this court pursuant to 28 U.S.C. § 1661 and § 1446. The removal was based on diversity of citizenship jurisdiction pursuant to 29 U.S.C. 1332(a). In response, Plaintiff filed his First Amended Complaint in which he asserts a new claim of negligence against Terracare Associates, LLC, a Colorado Limited Liability Company ("Terracare"). In addition, Plaintiff filed his Motion for Remand seeking return of this matter to state court on the basis that the parties were no longer completely diverse. Home Depot opposes both the filing of the Amended Complaint and the Motion to Remand.

## II. JURISDICTION

Any action filed in state court in which this court has original jurisdiction may be removed to federal court pursuant to 28 U.S.C. § 1441. Federal courts may adjudicate only cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. Art. III, § 2; *ICG Telecom Group, Inc. v. Qwest Corp.*, 375 F.Supp.2d 1084, 1086 (D. Colo. 2005)(*citing Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994)). As a result, if I determine that this court lacks jurisdiction over a case, I must remand the case back to state court pursuant to 28 U.S.C. § 1447.

## III. ANALYSIS

Home Depot's Notice of Removal asserts federal jurisdiction pursuant to diversity of citizenship as set forth in 28 U.S.C. § 1332(a). Section 1332(a) provides that federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. In his Motion to Remand, Plaintiff asserts that his First

Amended Complaint – which adds a claim for damages against new Defendant Terracare, a Colorado citizen – defeats diversity of citizenship jurisdiction.  In this new claim, Plaintiff asserts that Home Depot contracted with Terracare to maintain the parking lot from the dangers of ice, but that Terracare negligently failed to do so.  Home Depot then filed a Motion to Strike Plaintiff's Amended Complaint on the basis that Plaintiff failed to seek leave to amend as required by 28 U.S.C. § 1447(e).  Plaintiff argues, however, that he is entitled to amend without leave pursuant to Fed. R. Civ. P. 15(a).

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once, as a matter of course, at any time before a responsive pleading is served.  In contrast, 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  The parties agree that the Tenth Circuit has not directly addressed the inherent conflict between Rule 15(a) and 28 U.S.C. § 1447(e).

In support of its motion, Home Depot asserts that the "overwhelming weight of the federal authority" holds that a party cannot amend a complaint pursuant to Rule 15(a) as a means to defeat complete diversity; instead, a plaintiff must seek leave to do so pursuant to 28 U.S.C. § 1447(e).  Home Depot then argues that Plaintiff's sole purpose in amending his complaint to add Terracare as a Defendant was defeat diversity jurisdiction and, as a result, I should strike Plaintiff's Amended Complaint and, likewise, deny his motion for remand.

In *Reigel v. Canyon Sudar Partners*, *L.L.C.,* 2007 WL 3274430 (D.Colo. 2007) (unpublished), the Court was faced with the exact issue presented here – specifically "whether the Court should allow the [p]laintiffs to proceed with their Amended Complaint which names

3

non-diverse [d]efendants, and if so, remand the case to state court." *Id.* The Court in *Reigal v. Canyon Sudar* first ruled that "in a removed case, a plaintiff cannot file an amended complaint without leave of the Court if doing so would destroy diversity jurisdiction." In so doing, the court relied upon *Mayes v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir.1999), as well as *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir.1991), where the Tenth Circuit stated in *dicta* that it is incorrect to assume that "a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action." *See also* 6 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 1477 ("a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action").

The *Reigal v. Canyon Sudar* Court then went on to address whether it should allow amendment of a complaint under 28 U.S.C. § 1447(e) to join non-diverse parties. *Id.* The Court reviewed various factors including: whether the purpose of amendment was to defeat jurisdiction; if the plaintiff was dilatory in asking to amend; whether the plaintiff will be significantly injured if amendment is not allowed; whether the parties a plaintiff seeks to join are necessary under Fed.R.Civ.P. 19; whether a statute of limitations would bar an action against the new defendant in state court; the apparent validity of the claim; the risk that denial of the amendment could result in parallel litigation in different courts; and any other equitable factors. *Id.* (*citing Mayes v. Rapoport*, *supra*, 198 F.3d at 462); *see also Grabau v. Target Corp.*, 2006 WL 3838218 (D.Colo. 2006)(unpublished); *Robar v. Wells Fargo Bank,* 2006 WL 2374784 (D.Colo. 2006)(unpublished). Although I am not bound by *Reigal v. Canyon Sudar, supra,* I find its rationale persuasive. As such, I will apply the various factors to assess whether, under

the circumstances, I should allow Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1447(e). In so doing, I reject Plaintiff's argument that I should only apply a fraudulent joinder standard, under Fed. R. Civ. P. 19, as set forth in *Beecher v. Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP,* 2009 WL 4572923 (W.D. Wash. 2009)(unpublished). *See Robar v. Wells Fargo Bank, supra* (noting that a court's decision under 28 U.S.C. § 1447(e) "is not controlled by the analysis and factors set forth in Fed.R.Civ.P. 19"); *see also Mayes v. Rapoport, supra*, 198 F.3d at 462)(the fraudulent joinder doctrine is only another element of the district court's analysis).

Home Depot asserts that Plaintiff's Amended Complaint should not be allowed when assessed by the applicable factors. It first argues that Plaintiff amended his complaint for the sole purpose of defeating diversity jurisdiction. This is evidenced by the fact that he filed the Amended Complaint the day after Home Depot removed this matter – but before any intervening discovery – and that pre-litigation communications made it clear that Plaintiff was aware that Terracare was possible party to this action. Home Depot also argues that the filing of the Amended Complaint was dilatory, and constituted a "strategic ploy," in that Plaintiff did not seek leave to amend as required by 28 U.S.C. § 1447(e). Finally, Home Depot asserts that Plaintiff will not be prejudiced or "significantly injured" by the inability to raise a claim against Terracare because Plaintiff can obtain complete recovery from Home Depot in that the duty it allegedly breached is non-delegable under Colorado law.

In response, Plaintiff disagrees that is it settled that he would obtain complete recovery from Home Depot. Plaintiff asserts that he has a viable claim against Terracare, under Colorado law, because even though "the premises liability statute . . . imposes a statutory duty upon those

5

persons 'in possession of real property,'" and that "[s]o long as a landowner retains such possession . . . it cannot delegate [its] statutory duties," *Jules v. Embassy Properties, Inc.,* 905 P.2d 13 (Colo. App. 1995), such is the case only when "that negligence created a danger to invitees and if [the landowner] knew or should have known of the danger." *Kidwell v. K-Mart Corp.,* 942 P.2d 1280, 1282 (Colo. App. 1996).   Plaintiff asserts that the parties have been in disagreement about whether Terracare should or could be named as a party in this matter, and that it was not dilatory in filing its Amended Complaint, but rather did so while it believed it could as a matter of right pursuant to Fed. R. Civ. P. 15(a).  Plaintiff notes that Home Depot affirmatively defends this matter on the grounds that Plaintiff's injuries were caused by third parties over which Home Depot had no control.  As such, Plaintiff disagrees that its reason for filing the Amended Complaint was solely to defeat diversity jurisdiction.  Plaintiff also asserts that Terracare is a necessary and indispensable party, under Fed. R. Civ. P. 19, in that failure to allow the negligence claim against Terracare, as discussed above, could preclude full recovery. In addition, Plaintiff notes that bringing a separate, parallel action against Terracare in state court would result in a waste of judicial resources.

My decision under 28 U.S.C. § 1447(e) is discretionary.  *Robar v. Wells Fargo Bank, supra.*  While I am to protect by careful scrutiny the diverse defendant's interest in keeping the action in federal court, *id.*, when weighing the applicable factors in this case, I conclude that the amended complaint should not be stricken and, as such, the case must be remanded to state court.

While it is possible that the sole reason for amending the complaint to add Terracare as a Defendant, at this point in the litigation, could have been to defeat diversity jurisdiction, I am not convinced.  Plaintiff was clearly aware of a possible claim against Terracare, but the parties were

not in agreement as to whether Terracare could or should be named as a party in this suit in light of the applicable Colorado law. *But see Grabau v. Target, supra* ("courts should be similarly wary when the moving plaintiff cannot point to any new information that gave rise to the motion to amend"). Although I agree that the timing of the complaint is suspect, the filing was not dilatory in that it was filed directly after the notice to remove. *Compare Robar v. Wells Fargo Bank, supra* (filed directly after removal) *with Grabau v. Target, supra* (filed four and one-half months after the removal). In addition, and most importantly, at this point it is possible that Plaintiff has a viable cause of action against Terracare and, in addition, Home Depot has not met the heavy burden of proving fraudulent joinder. *See Robar v. Wells Fargo Bank, supra* (noting that if the defendant "can carry the burden of proving fraudulent joinder, ... that fact should be a factor in the court's decision to allow or deny joinder of a non-diverse defendant). As such, it is possible that Plaintiff would suffer significant injury if its claim against Terracare was not allowed. *See Grabau v. Target, supra* (ruling that it is possible that newly added Defendant could potentially be held liable). For the same reason, there is a risk of parallel state and federal actions that will be avoided if the amended complaint is allowed, an the case is remanded back to state court. *But see Grabau v. Target, supra* (finding that is would be unlikely for the plaintiff to file against the newly designated defendant when it is likely that she could be fully compensated for her injuries by the named defendant).

Although this is not a clear case, in exercising my discretion under 28 U.S.C. § 1447(e), I conclude that the amended complaint should not be stricken and, as such, Terracare is joined as a defendant in this case. Because Terracare is an additional defendant whose joinder would destroy subject matter jurisdiction, I must remand the action to the state court. *See Reigel v.*

*Canyon Sudar, supra* (concluding that if non-diverse parties are added, then the case must be remanded under 28 U.S.C. § 1447(e)).

ACCORDINGLY, I DENY the Motion to Strike Plaintiff's Amended Complaint filed by the Defendant Home Depot [**Doc # 10**], and I GRANT the Motion for Remand [**Doc # 6**] filed by the Plaintiff, Richard Baumeister. As a result, I ORDER this action be REMANDED to District Court for the City and County of Denver.

Dated: February   11  , 2011, in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, JUDGE